UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANNIE SLOAN INTERIORS, LTD.     \*    CIVIL ACTION NO. 17-11767
                                           \*
                                         \*    SECTION: "S"(1)
VERSUS                              \*
                                         \*    JUDGE MARY ANN VIAL LEMMON
                                         \*
JOLIE DESIGN & DÉCOR, INC.     \*    MAGISTRATE JUDGE
                                         \*    JANIS VAN MEERVELD
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*    \*

<u>ORDER AND REASONS</u>

Before the Court is the Motion for Leave to File First Amended and Supplemental
Complaint (Rec. Doc. 55). For the following reasons, the Motion is GRANTED.

<u>Background</u>

This lawsuit arises out of a distributorship arrangement between Plaintiff Annie Sloan
Interiors, Inc. ("ASI") and JDD. ASI, which maintains its principal place of business in Oxford,
England, designs and manufactures paints and associated products under the trademarks ANNIE
SLOAN® and CHALK PAINT®. JDD was founded by Lisa Rickert. Pursuant to a 2010
agreement (the "Distributorship Agreement"), JDD began serving as ASI's exclusive distributor
of CHALK PAINT® in the United States. The Distributorship Agreement states that JDD would
serve as exclusive distributor "on a perpetual basis." JDD successfully built a distribution network
for ASI's products in the United States, and JDD claims that ASI asked JDD to expand its territory
cover all of North America, Central America, South America, and Australia.

The relationship between JDD and ASI began to deteriorate. ASI claims that it was
concerned with certain actions on the part of JDD that ASI deemed detrimental to its brand, while
JDD claims that ASI improperly attempted to insert itself into JDD's distribution and operational
practices.

1

After years of attempts to negotiate a resolution to their differences, on November 3, 2017, ASI filed this lawsuit against JDD seeking a declaratory judgment finding that (1) the perpetual term contained in the Distributorship Agreement is against Louisiana public policy and is terminable at the will of either party upon a reasonable notice pursuant to Louisiana Civil Code article 2024; (2) 180 days constitutes reasonable notice for terminating the Distributorship Agreement; (3) JDD's activities in countries other than the United States are not encompassed by the Distributorship Agreement and JDD does not have rights to the exclusive distributorship of ASI's products in those countries; and, (4) to the extent that JDD's activities in countries other than the United States are conducted under the Distributorship Agreement, the termination of the Distributorship Agreement would result in the termination of JDD's exclusive distributorship in those countries.

JDD filed an Answer and Counterclaim. In its Counterclaim, JDD sought a declaratory judgment finding that: (1) the Distributorship Agreement is legally enforceable, including its provisions regarding its duration and the grounds for resolution or termination; (2) JDD is in full compliance with its obligations under the Distributorship Agreement and has not breached it by any action or inaction, and that the Distributorship Agreement is in full force and effect; (3) the Distributorship Agreement permits JDD to sell ASI's products directly to consumers, including over the Internet; (4) to the extent JDD has not implemented some or all of ASI's "brand guidelines" in territories where JDD sells ASI's products, such action does not constitute a breach of JDD's obligations under the Distributorship Agreement or a justification for ASI to resolve or terminate it; (5) JDD has the right under the Distributorship Agreement to market, advertise, promote, distribute and sell ASI's products using whatever methods and means JDD, in its reasonable discretion, deems appropriate; (6) JDD has exclusive distribution rights for ASI's

products in North America, the United States, Canada, Central America, South America, Australia, New Zealand, and other parts of Australasia; (7) the Distributorship Agreement applies to control the relationship between ASI and JDD in all of those geographical areas where JDD is the exclusive distributor of ASI's products; (8) JDD has the sole right to select and terminate stockists in its reasonable discretion in those geographical areas where JDD is the exclusive distributor of ASI's products; and, (9) in the alterative, if the court declares that ASI is entitled to terminate the Distributorship Agreement at will with reasonable notice, that reasonable notice under the circumstances would consist of a substantial period of time, the precise duration of which to be established by evidence at trial.

On May 4, 2018, the District Court granted the motion for partial summary judgment filed by ASI and held that Louisiana Civil Code article 2024 applies to the Distributorship Agreement. The Court found that under that article, the Distributorship Agreement (which states that it continues on a "perpetual basis") is a contract for an unspecified and undeterminable duration. Contracts for an unspecified and undeterminable duration may be terminated at the will of either party upon giving reasonable notice to the other party.

On May 8, 2018, ASI notified JDD that the distributorship agreement would be terminated on November 5, 2018. On May 18, 2018, JDD filed a motion to certify the District Court's May 4, 2018, order for immediate appeal or for entry of final judgment and stay of proceedings pending appeal ("Motion to Certify"). On June 5 2018, JDD filed a Notice of Voluntary Dismissal without Prejudice as to its Counterclaims against ASI.  On June 13, 2018, the morning of oral argument on the Motion to Certify, ASI filed a Motion for Leave to File a First Amended Complaint. The District Judge instructed the parties to meet with the undersigned. A settlement conference was held on June 21, 2018, but was unsuccessful. On June 27, 2018, ASI moved to substitute the

proposed amended complaint filed on June 13, 2018, with a new proposed First Amended Complaint. The Court allowed the substitution and set the Motion for Leave to Amend.

In its proposed First Amended Complaint, ASI adds additional factual allegations regarding communications by Ms. Rickert to her stockists in April, May, and June 2018 that ASI says disparage the ASI brand. ASI also asserts that, upon information and belief, Ms. Rickert formed a new entity, Jolie Home, LLC ("Jolie Home"), for the purpose of competing directly with ASI. It asserts that Ms. Rickert has recruited stockists to represent competing paint products and that JDD has stopped using the ANNIE SLOAN® mark in conjunction with the CHALK PAINT® mark on social media. ASI has dropped its claims for a declaratory judgment regarding whether 180 days constitutes reasonable notice and JDD's activities in other countries, but seeks to add claims seeking declaratory judgment that JDD's representation of ASI in territories outside of the United States is terminable at will by either party, that ASI is the sole owner of certain Annie Sloan trademarks and domain names, and that JDD has breached the Distributorship Agreement's implied duty of good faith and fair dealing as well as several provisions of the agreement, including the provision prohibiting JDD from representing products that compete with ASI's products. ASI also seeks to add Ms. Rickert and Jolie Home LLC ("Jolie Home") as parties and to assert a claim under the Louisiana Unfair Trade Practices Act ("LUTPA"), a claim for Tortious Interference with Contractual Relations, and a claim of Conspiracy.

ASI insists that it can establish good cause to allow the amended pleading. It says it could not file the motion earlier because it did not discover the facts until after the pleading amendment deadline. ASI argues that the amendment is important because it asserts separate grounds for terminating the Distributorship Agreement and asserts a LUTPA claim, which is subject to a short, one-year-peremptive period. ASI says that amendment will not unduly prejudice JDD's defense

because there is sufficient time to conduct discovery and because a continuance could cure any deadlines. Of note, since the filing of the motion and opposition, the District Judge has now continued the trial.

JDD opposes the proposed amendment. It separately argues that ASI cannot establish good cause for the addition of its trademark claims, its domain name claim, its tortious interference with contract claim, and its civil conspiracy claim. JDD argues that each of these claims is futile and asserted in bad faith. JDD does not address ASI's proposed amendments to its claim for declaratory relief, including the breach of contract claim, or its LUTPA claim.

With regard to the trademark claims, JDD points out that ASI does not explain what facts were missing before the March 20, 2018, pleading amendment deadline that precluded seeking amendment. JDD further argues that ASI's trademark validity claims are futile. JDD insists the claims are not justiciable because they fail to identify any dispute concerning the "claimed trademarks." Specifically, JDD notes that ASI does not allege that JDD is liable for trademark infringement. JDD further argues that ASI's trademark claims are brought in bad faith. JDD points out that when ASI moved to substitute its proposed amended pleading, the new pleading only added new claims—including the trademark claim. But, JDD says, the new proposed pleading did not add any new facts. JDD argues that ASI only added the trademark claims in response to JDD's argument in its Supplemental Memorandum in Support of its Motion to Certify that LUTPA does not provide a private right to an injunction and that ASI's breach of contract claim had been plead "solely in the alternative" to ASI's article 2024 claims. JDD argues that ASI has only added the trademark claims in an attempt to defeat the Motion to Certify and they are therefore brought in bad faith. JDD also argues the trademark claims substantially alter the landscape of the case and require JDD to engage in significant new preparation on matters completely unrelated to the

original complaint. JDD insists there is no judicial economy in allowing ASI to add the trademark claims.

On the domain name claims, JDD suggests that ASI may be attempting to assert a claim under the Anti-Cybersquatting Consumer Protection Act ("ACPA"). JDD argues that as with the trademark claims, ASI has failed to offer any explanation for failing to assert these claims earlier since it has long known of the domain names. JDD also argues that the claims are futile because the fact that JDD registered the domain names is insufficient for ACPA relief. Instead, JDD insists, ASI must also allege a bad faith intent to profit from the mark.

JDD argues that ASI's claim that Ms. Rickert tortiously interfered with the contract between ASI and JDD is frivolous and could not withstand a motion to dismiss. JDD insists that ASI has failed to sufficiently allege that Ms. Rickert was not justified in her actions. JDD argues that the claim is merely an attempt to intimidate Ms. Rickert by threatening personal liability. JDD adds that the tortious interference claim is incompatible with ASI's proposed conspiracy claim that JDD and Ms. Rickert are acting in concert. Further, JDD argues that the conspiracy claim is futile, noting that conspiracy is not an independent cause of action but instead a theory of apportioning liability. JDD argues that ASI has failed to allege facts establishing any agreement between JDD and Ms. Rickert to commit wrongful acts. Moreover JDD argues that even if an agreement was adequately plead, ASI cannot establish a conspiracy between JDD, Ms. Rickert, and Jolie Home, because ASI is essentially alleging that Ms. Rickert has conspired with herself.

In reply, ASI insists that the supplemental claims in its proposed amendment are viable and that they all rely on conduct that occurred after the original complaint was filed. ASI argues that where a defendant engages in additional misconduct after an original complaint is filed, the plaintiff must be allowed to amend its pleadings or the defendant would be able to proceed with

impunity. ASI argues that JDD (the only party at this time) does not have standing to challenge claims against Ms. Rickert and Jolie Home. ASI also insists that its filings are not in bad faith and that its claims are necessary to redress JDD's misconduct. Finally, ASI argues that JDD's futility arguments are premature, noting that such defenses can be raised by motions to dismiss.

Law and Analysis

1. *Standard to Amend Pleadings*

Under Federal Rule of Civil Procedure 15(a)(2), when the time period for amending a pleading as a matter of course has passed, a party may amend its pleadings by consent of the parties or by leave of court. "The court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a)(2). Thus, the United States Court of Appeals for the Fifth Circuit instructs that the "district court must possess a 'substantial reason' to deny a request for leave to amend." Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004). Nonetheless, "that generous standard is tempered by the necessary power of a district court to manage a case." Yumilicious Franchise, L.L.C. v. Barrie, 819 F.3d 170, 177 (5th Cir. 2016) (quoting Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003)). The court may consider numerous factors when deciding whether to grant a motion for leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003).

To determine whether a complaint is futile, courts "apply 'the same standard of legal sufficiency as applies under Rule 12(b)(6).'" Stripling v. Jordan Prod. Co., LLC, 234 F.3d 863, 872–73 (5th Cir. 2000) (quoting Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state

a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Where the court ordered deadline for amending pleadings has passed, that schedule "may be modified" to allow for additional amendments "only for good cause and with the judge's consent." Fed. R. Civ. Proc. 16(b)(2); see S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003) ("We take this opportunity to make clear that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."). When determining whether the movant has shown good cause, the Court considers "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice.' " S&W Enterprises, 315 F.3d at 536 (quoting Reliance Ins. Co. v. Louisiana Land & Expl. Co., 110 F.3d 253, 257 (5th Cir. 1997)) (alterations in original).

*2. ASI's Proposed Amendment*

Here, the scheduling order set March 20, 2018, as the deadline to amend pleadings. Accordingly, Rule 16 governs this Court's determination of whether ASI's Motion will be granted.

The Court finds that ASI has established good cause for its amendment. Most of the new allegations in ASI's proposed amendment arise from conduct that occurred in April, May, and June 2018. This was after the pleading amendment deadline of March 20, 2018. Although JDD says the trademark and domain name claims should have been known to ASI earlier, as ASI points out in reply, it was not until June 2018 that JDD rejected ASI's request that JDD turn over the domain name "chalkpaintnorthamerica.com." The Court finds no evidence of delay by ASI in raising its new claims.

Further, the addition of ASI's new claims to the present lawsuit is important. Like the claims in the original lawsuit, the new claims arise out of the same Distributorship Agreement and the same relationship between ASI and JDD. To require ASI to file its new claims would not serve the interests of judicial economy. Since the trial of this matter has been continued, the Court finds there is no prejudice to be suffered by JDD in having to defend these claims. Further, the ASI's claims are not so futile so as to warrant denial of leave to amend. The viability of the claims can be tested by the appropriate motion.

Accordingly, the Court finds that ASI has established good cause for the filing of its Amended and Supplemental Complaint.

Conclusion

For the foregoing reasons, Motion for Leave to File First Amended and Supplemental Complaint is GRANTED.

New Orleans, Louisiana, this 18th day of July, 2018.

Janis van Meerveld<br>
United States Magistrate Judge