# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANNIE SLOAN INTERIORS, LTD.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-11767** |
| **JOLIE DESIGN & DECOR, INC.** | **SECTION: "S" (1)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Jolie Design & Decor, Inc.'s Motion to Certify for Immediate Appeal and Stay Proceedings Pending Appeal (Doc. #43) is **DENIED.**

## BACKGROUND

This matter is before the court on a motion to certify order for immediate appeal or for entry of final judgment and stay of proceedings pending appeal filed by defendant, Jolie Design & Decor, Inc. ("JDD"). JDD argues that this court should allow JDD immediately to appeal the court's May 4, 2018, Order and Reasons which held that Louisiana Civil Code article 2024 applies to the contract at issue, making it terminable at the will of either party with reasonable notice.[1]

Annie Sloan Interiors, Inc. ("ASI") designs and manufactures paints and associated products under the trademarks ANNIE SLOAN® and CHALK PAINT®. On April 19, 2010, ASI and JDD entered into an agreement whereby JDD became ASI's exclusive distributor in the United States (the "2010 Agreement"). The operative contractual language in this regard states:

> Supplier [ASI] hereby appoints Distributor [JDD] as Supplier's [ASI's] exclusive distributor of Products in the Territory, and Distributor accepts that position on a perpetual basis.

The 2010 Agreement defines "Territory" as the "United States of America." Working under the 2010 Agreement, JDD successfully built a distribution network for ASI's products in the United States.

---

[1] A more detailed version of the factual background can be found in this court's May 4, 2018, Order and Reasons (Doc. #42).

The parties' relationship eventually deteriorated, and they engaged in multiple unsuccessful attempts to discuss and mediate their differences. On November 3, 2017, ASI filed this action against JDD seeking a declaratory judgment finding that: (1) the 2010 Agreement's perpetual term is against Louisiana public policy and is terminable at the will of either party upon a reasonable notice pursuant to Louisiana Civil Code article 2024; (2) 180 days constitutes reasonable notice for terminating the 2010 Agreement; (3) JDD's activities in countries other than the United States are not encompassed by the 2010 Agreement and JDD does not have rights to the exclusive distributorship of ASI's products in those countries; and, (4) to the extent that JDD's activities in countries other than the United States are conducted under the 2010 Agreement, the termination of the 2010 Agreement would result in the termination of JDD's exclusive distributorship in those countries. JDD filed an Answer raising affirmative defenses of equitable estoppel, detrimental reliance and waiver. JDD also filed counterclaims, which it voluntarily dismissed without prejudice.

On December 19, 2017, ASI filed a motion for partial summary judgment seeking a declaration that Louisiana Civil Code article 2024 applies to the 2010 Agreement because the contract does not have a specific or determinable duration. Article 2024 states: "[a] contract of unspecified duration may be terminated at the will of either party by giving notice, reasonable in time and form, to the other party." La. Civ. Code art. 2024. In its May 4, 2018, Order and Reasons ruling on the motion, this court noted that the Supreme Court of Louisiana has not specifically addressed the question whether Article 2024 applies to contracts that state they have a "perpetual" duration. This court examined the applicable jurisprudence from the Louisiana intermediate courts of appeal and the United States Court of Appeals for the Fifth Circuit, and held that Article 2024

applies to the 2010 Agreement making it terminable at the will of either party after giving reasonable notice. This court explained that following the principles outlined in the applicable jurisprudence:

> [T]he court determines that Article 2024 is applicable. The 2010 Agreement states that JDD accepts the appointment as ASI's distributor of certain products in the Territory "*on a perpetual basis.*" The 2010 Agreement "specifies" that its term is "perpetual." However, using a specific word to define the term does not automatically mean that the contract has a specific duration. To the contrary, a contract that continues on "a perpetual basis" will presumably go on forever. The "perpetual" term of the 2010 Agreement is for an "unspecified duration" that is also undeterminable. There is nothing in the contract that references a specific future event the happening of which will terminate the contract like there was in [cases decided by the Louisiana intermediate courts of appeal].

Doc. #42. The court further held that it was unnecessary to rule on the merits of JDD's affirmative defenses to answer the legal question posed and resolved by ASI's motion for partial summary judgment, i.e. "whether the 2010 Agreement is subject to Article 2024 because it is for an uncertain and undeterminable term." Id. The court noted that JDD's affirmative defenses, which rely on the amount of time, money and effort JDD has expended in pursuing the 2010 Agreement, pertain to the reasonable notice that ASI must give to JDD to proceed under Article 2024, not whether Article 2024 applies.[2] Id.

In the present motion, JDD seeks an order under 28 U.S.C. § 1292(b) certifying for immediate appeal this court's May 4, 2018, Order and Reasons as it pertains to the court's ruling regarding the applicability of Article 2024 to the 2010 Agreement. JDD also seeks a stay of these proceeding pending its appeal.

After JDD filed the present motion, ASI was granted leave to file its First Supplemental and Amended Complaint for Declaratory Judgment and for Damages. In its amended complaint, ASI

---

[2] The May 4, 2018, Order and Reasons also addressed ASI's motion to dismiss JDD's counterclaims. JDD has dismissed its counterclaims and is not seeking review of that portion of the Order and Reasons. Thus, that portion of the Order and Reasons is not implicated by the present motion.

adds Lisa Rickert, who is a member of JDD, and Jolie Home LLC ("JHL") as defendants. ASI adds allegations that JDD is acting in bad faith under the 2010 Agreement, and that Rickert established JHL to compete with ASI in violation of the 2010 Agreement. ASI seeks a declaratory judgment holding that: (1) the 2010 Agreement is terminable at will by either party, upon reasonable notice given to the other;[3] (2) JDD's representation of ASI in territories outside of the United States is terminable at will by either party, upon reasonable notice given to the other; (3) ASI is the sole owner of certain trademarks and domain names and directing JDD to turn them over to ASI; and, (4) JDD's actions fall short of the 2010 Agreement's implied covenant of good faith and fair dealing and JDD has breached several provisions of the 2010 Agreement, giving ASI the right to immediately dissolve it under La. Civ. Code art. 2015. ASI also brings a claim against JDD arising under the Louisiana Unfair Trade Practices Act ("LUTPA"), La. Rev. Stat. § 51:1404, *et seq.*; a tortious interference with contractual relations claim against Rickert, and a conspiracy claim against JDD, Rickert and JHL.

## ANALYSIS

**I.      Interlocutory Appeals under 28 U.S.C. § 1292(b)**

Interlocutory appeals are governed by 28 U.S.C. § 1292(b). Section 1292(b) states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such an order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, [s]he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an

---

[3] Notably, ASI no longer seeks a declaratory judgment finding that 180 days constitutes reasonable notice for terminating the 2010 Agreement.

4

> appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided however, that application for an appeal hereunder shall not stay proceedings in the district court unless this district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). Pursuant to § 1292(b), the district court may "certify an interlocutory appeal where (1) a controlling question of law is involved, (2) there is substantial ground for difference of opinion about the question of law, and (3) immediate appeal will materially advance the ultimate termination of the litigation." Rico v. Flores, 481 F.3d 234, 238 (5th Cir. 2007).

JDD argues that the conditions for invoking § 1292(b) are satisfied. JDD argues that the question whether Article 2024 applies to contracts that state they are of a perpetual duration is a controlling question of law about which there is a substantial ground for a difference of opinion because the Supreme Court of Louisiana has not addressed it. JDD contends that the United States Court of Appeals for the Fifth Circuit could certify the question to the Supreme Court of Louisiana for a definitive decision on the state law. Further, JDD argues that immediate appeal will materially advance the ultimate termination of the litigation because the application of Article 2024 is the ultimate question of the litigation. JDD contends that the litigation will end if this court's holding on that issue is reversed because there would be no need for a trial to determine what constitutes reasonable notice. JDD also argues that an appellate ruling would "unquestionably clarify the rights and responsibilities of the parties and significantly narrow the extant legal issues."

ASI initially opposed JDD's motion for immediate appeal. However, after ASI dismissed its claim for declaratory relief that 180 days constitutes reasonable notice under Article 2024, and JDD dismissed its counterclaims, ASI filed a sur-reply memorandum stating that it no longer opposes JDD's motion to certify an immediate appeal, "although [ASI] still believes that a piecemeal

5

appeal is not optimal" and it continues to oppose a stay of the proceedings pending appeal. ASI states that "however the court rules on JDD's request for immediate appeal, it should deny JDD's request for a stay[.]"

Although ASI no longer opposes JDD's request for an immediate appeal under § 1292(b), this court finds that immediate appeal is not appropriate. The question of law stated by JDD is a controlling question of law, but there are no substantial grounds for difference of opinion. This court's Order and Reasons was based on jurisprudence of the Louisiana intermediate courts of appeal and the United States Court of Appeals for the Fifth Circuit. As noted in the May 4, 2018, Order and Reasons, JDD has not explained why the Supreme Court of Louisiana would decide the applicable cases from the Louisiana intermediate courts of appeal differently in terms of how Louisiana courts are to determine whether a contract is for: (1) a certain or fixed term; (2) an uncertain but determinable term; or (3) an uncertain and undeterminable term, and then apply Article 2024 if it falls the third category.

Further, the resolution of the issue of law posed by JDD will not materially advance the ultimate termination of the litigation. JDD's proposed appeal pertains to whether Article 2024 applies to the contract. Although ASI dismissed its claim for declaratory relief related to the notice period, this court has not yet addressed JDD's affirmative defenses of equitable estoppel, detrimental reliance and waiver, which all pertain to the amount of time, resources and energy JDD expounded in pursuing the 2010 Agreement and are pertinent to the issue of what constitutes reasonable notice. Additionally, ASI's First Amended Complaint contains independent claims related to trademarks and domain names, breach of contract, LUTPA, tortious interference with contractual relations, and a conspiracy claim that would not be resolved by JDD's proposed appeal. With so many outstanding

issues, regardless of which party prevailed in the appellate court, immediate appeal of one issue would not materially advance the termination of this litigation. Therefore, JDD's motion to certify for immediate appeal under §1292(b) is DENIED.

## II.     Entry of Final Judgment under Rule 54(b) of the Federal Rules of Civil Procedure

Rule 54(b) of the Federal Rules of Civil Procedure provides, in pertinent part:

> when more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

"Rule 54(b) 'refers only to claims [for relief] in the sense of the substantive right be asserted – the cause of action." Nogess v. Poydras Ctr., L.L.C., - - - Fed. Appx. - - -, 2018 WL 1614216, *2 (5th Cir. Apr. 3, 2018) (quoting 10 Charles Alan Wright, *et al*., Federal Practice and Procedure § 2658.4 (4th ed. 2014)). "[A] claim must be wholly determined to be certified, by which the judgment must ultimately dispose of an individual claim." Jump v. McFarland, 596 Fed. Appx. 256, 258-59 (5th Cir. 2014) (quotations and citations omitted).

"One of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals." PYCA Indus., Inc. v. Harrison Cnty. Waste Water, 81 F.3d 1412, 1421 (5th Cir.1996) (citing Ansam Assocs., Inc. v. Cola Petroleum, Ltd., 760 F.2d 442, 445 (2nd Cir.1985)). "A district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." Id. In deciding whether there is no just reason for delay, the district court has a duty to weigh "the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the

7

other." Road Sprinkler Fitters Local Union v. Cont'l Sprinkler Co., 967 F.2d 145, 148 (5th Cir. 1992) (citation omitted).

JDD argues that the May 4, 2018, Order and Reasons fully disposes of ASI's claim seeking a declaratory judgment on the applicability of Article 2024 to the 2010 Agreement. JDD contends that there are remaining claims that are separate and distinct issues from whether Article 2024 applies. JDD also argues that there is no just reason for delay because an immediate appeal could avoid unnecessary litigation for the same reasons it argues that immediate appeal will materially advance the litigation under its analysis of § 1292(b).

Entry of a final judgment under Rule 54(b) is not warranted. Article 2024 provides that a contract of unspecified duration may be terminated at the will of either party by giving reasonable notice to the other party. In the May 4, 2018, Order and Reasons, this court determined that Article 2024 applies to the 2010 Agreement because it is a contract of an unspecified duration. This court did not address the second half of Article 2024, namely what constitutes reasonable notice. Although ASI dismissed its declaratory judgment claim regarding reasonable notice, JDD's affirmative defenses are pertinent to the question of reasonable notice. Therefore, all of the issues pertaining to Article 2024 have not been wholly determined.

Further, there are multiple new claims raised by ASI's First Amended Complaint that impact the parties' respective litigation and business positions. With so many outstanding claims that need to be litigated, JDD has not articulated a specific hardship or injustice that would be alleviated by immediate appeal of one issue. Moreover, there is certainly a substantial likelihood of piecemeal appeals should this court grant JDD's motion, and the inconvenience and costs of piecemeal review outweighs the danger of any hardship JDD might face by this court's denying its motion. Therefore,

entry of final judgment under Rule 54(b) is inappropriate. JDD's motion for entry of final judgment pursuant to Rule 54(b) is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Jolie Design & Decor, Inc.'s Motion to Certify for Immediate Appeal and Stay Proceedings Pending Appeal (Doc. #43) is **DENIED.**

New Orleans, Louisiana, this 25th day of July, 2018.

*[signature]*
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**